[Cite as *State v. Johnson*, 2014-Ohio-4443.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Case No. 13CA3580 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| ALONZO JOHNSON, | : | |
| Defendant-Appellant. | : | RELEASED 10/6/2014 |

APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Hoover, J.

{¶1}    Defendant-appellant, Alonzo Johnson, was found guilty of felonious assault after a jury trial in the Scioto County Court of Common Pleas.  Johnson contends that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.  We disagree, because after viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of felonious assault proven beyond a reasonable doubt.  Further, a review of the entire record fails to persuade us that the jury lost its way or created a manifest miscarriage of justice.  Accordingly, we affirm the judgment below.

{¶2}    On the morning of June 7, 2013, at the Southern Ohio Correctional Facility, Corrections Officer Jeffrey Meier was on duty when he observed Johnson, an inmate at the prison, coming out of the chow hall, flailing his arms, swearing, and screaming. Johnson told

Meier, "F U, I have something for you." Meier then ordered Johnson to put his hands on the wall so that Meier could pat him down. Meier told Johnson to go back to his bunk and relax, but Johnson shoved Meier with his left hand and punched Meier in his jaw with his right hand. Johnson punched Meier in the head a few more times, for a total of three or four punches.

{¶3}    Meier then moved towards Johnson, grabbed him, and tried to gain control of the situation by taking him to the ground. This was consistent with the prison officers' training. They then fell to the ground, with Johnson landing on top of Meier with his arms around Meier's neck in a chokehold. Meier struck his head, shoulder, and arm on the ground. Other prison officers extricated Meier from Johnson, handcuffed Johnson, and led him away to a more secure area of the prison.

{¶4}    Meier was transported to the emergency room of a local hospital, where he was diagnosed with a closed-head injury, headaches, and sprains of the shoulder, elbow, and hip. After an MRI on his shoulder revealed a tear of his labrum, Meier underwent surgery to repair it. During the surgery, the physician discovered a more severe tear of the labrum in the same shoulder and repaired that during the same procedure.

{¶5}    In August 2013, a Scioto County grand jury returned an indictment charging Johnson with one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Johnson entered a not guilty plea, and although the court found him indigent and offered to appoint counsel for him, Johnson waived his right to counsel and represented himself. The trial court did appoint him standby counsel. A jury trial was subsequently held at which Meier testified to the previously stated facts.  The testimony of several corrections officers corroborated Meier's testimony. In addition, a recording of the incident by one of the prison security cameras further supported Meier's testimony. Meier testified that as a result of Johnson's

assault on him, he had not been back to work, could not sleep because of the pain in his injured shoulder, suffered debilitating headaches, did not have the use of his right arm for several months, could not use his right hand, and could not even hold his child. He gained 25 pounds because he could not run like he previously had. The state's evidence was uncontroverted, and Johnson did not introduce any evidence at trial.

{¶6}    The jury returned a verdict finding Johnson guilty of felonious assault, and the trial court sentenced him to a prison term of eight years.

{¶7}    On appeal, Johnson assigns the following error:

THE VERDICT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE
AS WELL AS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8}    In his sole assignment of error, Johnson contends that his conviction should be overturned because it is not supported by sufficient evidence and is against the manifest weight of the evidence.  Claims concerning the sufficiency of the evidence and the manifest weight of the evidence are separate and distinct legal concepts.  *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193; *State v. Davis*, 4th Dist. Ross No. 12CA3336, 2013-Ohio-1504, ¶ 12.

{¶9}    "A claim of insufficient evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the verdict as a matter of law." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 118.  In analyzing the sufficiency of the evidence, " 'our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt.' " *State v. Chaffins*, 4th Dist. Scioto No. 13CA3559, 2014-Ohio-1969, ¶ 23, quoting *Davis* at ¶ 12.  "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "The court must view the evidence in the light most favorable to the prosecution and defer to the trier of fact on questions of credibility and the weight assigned to the evidence." *State v. Kirkland*, __ Ohio St.3d __, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 132. "A reviewing court will not overturn a conviction on a sufficiency of the evidence claim unless reasonable minds could not reach the conclusion the trier of fact did." *Chaffins* at ¶ 24, citing *State v. Tibbetts*, 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001).

{¶10} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *Drummond* at ¶ 193 ("A claim that a jury verdict is against the manifest weight of the evidence involves a separate and distinct test [from the sufficiency-of-the-evidence test] that is much broader"). In reviewing a claim that a conviction is against the manifest weight of the evidence, the court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Hunter* at ¶ 119; *Thompkins* at 387. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶11}   For Johnson's conviction for felonious assault, R.C. 2903.11(A)(1) provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *."  "Serious physical harm to persons" includes "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity" and "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."  R.C. 2901.01(A)(5)(c) and (e).

{¶12}   The evidence is uncontroverted that Meier incurred serious physical harm as a result of his altercation with Johnson that resulted in a closed head injury and tears of the labrum in one of his shoulders that required surgery.  This represented at least a "temporary, substantial incapacity" and involved acute pain caused by his debilitating headaches and shoulder injury that resulted in his substantial suffering and prolonged pain.  Johnson does not dispute this.

{¶13}   Instead, Johnson claims that although he "clearly did take a swing at and hit Officer Meier in the face," the evidence "is clear that the injuries to the shoulder and to the head were not from a punch, but rather from a fall or perhaps in the general melee and scrum that ensued by the [prison] officers." He argues that the evidence thus fails because he did not knowingly cause the serious physical harm suffered by Meier, i.e., he knowingly caused physical harm to Meier in starting the incident by punching him in his head, but Meier escalated the incident by attempting to throw Johnson to the floor.

{¶14}   The trial court instructed the jury on these essential elements of felonious assault by stating:

Knowingly is an essential element of Felonious Assault.  A person acts

knowingly, regardless of his purpose, when he is aware that his conduct will

probably cause a certain result, or he is aware that his conduct will probably be of

a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the Defendant, an awareness of the probability that his conduct would result in serious physical harm to another.

Cause is an essential element of the offense of felonious assault. A cause is an act or a failure to act which, in a natural and continuous sequence, directly produces the serious physical harm, and without which it would not have occurred.

The Defendant's responsibility is not limited to the immediate or most obvious result of the Defendant's act. The Defendant is also responsible for the natural and foreseeable consequences, or results, that follow in the ordinary course of events from his actions.

There may be more than one cause of the victim's injury. However, if the Defendant's act was one cause, the existence of other causes is not a defense to this case. The test of foreseeability is not whether the Defendant should have foreseen the injury in its precise form or as to a specific person. The test is whether a reasonably prudent person, in light of all the circumstances, would have

anticipated that serious physical harm was likely to result to anyone from the performance of the act.

{¶15} The trial court's instructions are consistent with applicable statutory provisions, pertinent Ohio Jury Instructions, and precedent, and are not specifically challenged by either party in this appeal. *See* R.C. 2901.22(B) ("A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist"); *Ohio Jury Instructions*, CR Sections 503.11(A) (Rev. 12-11-10) (felonious assault), 417.11 (knowingly), 417.23 (cause; natural consequences), and 417.25 (other causes, intervening causes); *State v. Young*, 4th Dist. Scioto No. 07CA3195, 2008-Ohio-4752, ¶ 32, quoting *State v. McDaniel*, 2d Dist. Montgomery No. 16221, 1998 WL 214606, *7 (May 1, 1998) (in assessing the sufficiency of the evidence to support a felonious assault conviction, this court noted, " 'The test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria. * * * However, if a given result is probable, a person will be held to have acted knowingly to achieve it because one is charged by the law with knowledge of the reasonable and probable consequences of his own acts' ").

{¶16} Johnson contends that he could not have reasonably foreseen that after he punched Meier in the head several times that Meier would grab him and take him down to the ground and that Meier's actions constituted an unforeseen intervening act that caused the serious physical harm suffered by Meier. The state counters that "the standard of proof for the offense of Felonious Assault has nothing to do with reasonable foreseeability."

{¶17} Initially, we note that, notwithstanding the state's argument on appeal, it argued that the test of foreseeability was applicable to the offense of felonious assault during its opening

statement, and the trial court's instructions reflected that. In fact, it has been held that a foreseeability instruction is appropriate for the "knowingly" mens rea requirement in a felonious assault case:

> "The legal concept of 'knowingly' incorporates the scienter requirement that one ought to know one's actions will 'probably cause certain results.' The concept of reasonable probability literally embraces the concept of foreseeability. Rather than reduce the state's burden, the instructions ostensibly provide clarity into the meaning and import of 'probabilities,' i.e., a term necessarily built into the definition of the mens rea requirement for the underlying crime."

*See State v. Barker*, 11th Dist. Portage No. 2010-P-0044, 2012-Ohio-522, ¶ 114, quoting *State v. Magnusson*, 11th Dist. Lake No. 2006-L-263, 2007-Ohio-6010, ¶ 51.

{¶18} " 'It is a fundamental principle that a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts.' " *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 966, ¶ 143, quoting *State v. Johnson*, 56 Ohio St.3d 35, 39, 381 N.E.2d 637 (1978); *State v. Champlin*, 11th Dist. Ashtabula No. 2013-A-0021, 2014-Ohio-1345, ¶ 22; *State v. Mynes*, 4th Dist. Scioto No. 12CA3480, 2013-Ohio-4811, ¶ 17. "[T]he jury, unable to enter the mind of another, is required to consider common-sense, causal probabilities in considering whether the defendant acted 'knowingly.' " *State v. Kelly*, 11th Dist. Portage No. 2010-P-0049, 2012-Ohio-523, ¶ 23.

{¶19} It is unquestioned that Johnson set into motion the sequence of events by punching Meier in the head several times. The jury could have reasonably inferred from those punches themselves that Johnson had caused serious physical harm to Meier resulting in his closed-head injury and recurring, debilitating headaches. *See State v. Wells*, 5th Dist. Stark No.

2009 CA 00168, 2010-Ohio-3126, ¶ 27 (felonious assault statute "does not require a certain number of punches to be thrown to support a conviction, it only requires a showing that the offender caused serious physical harm"); *State v. Smith*, 4th Dist. Ross No. 06CA2893, 2007-Ohio-1884 (affirming convictions for felonious assault and involuntary manslaughter caused by a single punch).

{¶20}  More importantly, Johnson could have reasonably foreseen that his unprovoked inmate attack on a prison guard would result in the guard he assaulted and other guards following prison protocol by attempting to restrain him by taking him down to the ground.  Meier's injuries were consequently reasonably foreseeable to Johnson and they would not have occurred if Johnson had not started the altercation by punching Meier.

{¶21}  For the causation element, we noted the following in *Smith* at ¶ 24-26:

Courts generally treat the issue of legal causation in the criminal context similarly to that in tort cases because the situations are closely analogous. See, generally, LaFave Substantive Criminal Law (2003), 2nd Ed., Section 6.4(c).  When dealing with claims of intervening causation, the proper analysis starts with a determination of whether the intervening act was a mere coincidence or alternatively, a response to the accused's prior conduct. *Id* at 6.4(f).  An intervening cause is a coincidence when the defendant's act merely places the victim at a certain place at a certain time, thus subjecting the victim to the vagaries of the intervening cause. LaFave gives the example of "A" shoots at "B" but misses.  "B" then varies from his intended route, is struck by lightning, and dies.  Had "B" continued on his anticipated route, he would not have been injured. The lightening is a coincidence.

An intervening act is a response to the prior acts of the defendant where it involves reaction to the condition created by the defendant. Again from LaFave, "A" shoots "B" who is standing near the edge of a cliff. "B" impulsively jumps off the cliff rather than being the target of a second shot. This impulse may fairly be characterized as a normal response.

This distinction is important because the law will impose a less exacting standard of legal causation where the intervening cause is a response rather than a coincidence. A coincidence will break the chain of legal causation if it was unforeseeable. Thus, in the first example "A" is not criminally liable for "B's" death, notwithstanding he may be charged with an "attempt." However, for a response to break the chain, it must be both abnormal and unforeseeable. *Id.* The distinction is premised upon a notion of fairness that finds less reason to hold a defendant liable for bad results where the defendant has merely caused the victim to "be at the wrong place at the wrong time." A defendant who has brought the intervening agency into play in response to the danger he has caused is subjected to a more stringent test if he is to break the chain of causation. Thus, in the second example, "A" will face potential criminal liability for "B's" death.

{¶22} Assuming that Meier's actions constituted intervening acts, they were a reasonable, foreseeable response to the repeated punches by Johnson to his head rather than a mere coincidence. Because Meier's actions in attempting to restrain and neutralize Johnson were neither abnormal nor unforeseeable, they did not break the chain of causation so as to relieve

Johnson from criminal liability for felonious assault related to the serious physical injuries incurred by Meier when Johnson fell on top of him after he attempted to take him to the ground.

{¶23} As the jury was properly instructed, despite the potential existence of multiple causes for Meier's injuries, Johnson was "responsible for the natural consequences of his actions and the multiple causes are not a defense." *State v. Nichols*, 11th Dist. Lake No. 2005-L-017, 2006-Ohio-2934, ¶ 50. Although Meier's injuries may not have been the "immediate or most obvious result" of Johnson's initial punches to Meier's head, they were the "natural and foreseeable consequences" of the actions that followed "in the ordinary course of events." *See State v. Fair*, 2d Dist. Montgomery No. 24388, 2011-Ohio-4454, ¶ 66, 69, citing *Ohio Jury Instructions*, CR Section 417.23 (upholding the trial court's use of this jury instruction in a felonious assault case).

{¶24} Thus, after viewing the evidence in a light most favorable to the prosecution, we conclude that there was sufficient evidence for a rational trier of fact to find that the essential elements of felonious assault had been proven beyond a reasonable doubt. That is, the uncontroverted evidence was sufficient for the jury to determine that Johnson knowingly caused serious physical harm to Meier during his prison attack.

{¶25} Moreover, the weight of the evidence supports the jury finding that Johnson was guilty of felonious assault. That is, the evidence established that Johnson knowingly caused serious physical harm to Meier by repeatedly punching him in his head without provocation, which set off a reasonably foreseeable sequence of events in which Meier attempted to restrain Johnson by taking him to the ground, resulting in further injuries to Meier. The jury neither lost its way nor created a manifest miscarriage of justice by so finding. Therefore, viewing the

evidence in its totality, and deferring to the jury's credibility determinations, we cannot conclude that this is an exceptional case in which the evidence weighs heavily against the conviction.

{¶26}  Based on the foregoing, Johnson's assignment of error is overruled, and the judgment of the Scioto County Court of Common Pleas is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland J.: Concurs in Judgment Only.

                                        For the Court


                                        BY: _____
                                             Marie Hoover, Judge



                         **NOTICE TO COUNSEL**

        **Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**