[Cite as *State v. Johnson*, 2025-Ohio-2103.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO

    PLAINTIFF-APPELLEE,

  V.

FERNANDO J. JOHNSON,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-38

OPINION AND
JUDGMENT ENTRY

---

Appeal from Allen County Common Pleas Court
Trial Court No. CR2024 0019

Judgment Affirmed

Date of Decision: June 16, 2025

---

APPEARANCES:

    *Craig Jaquith* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**WALDICK, P.J.**

{¶1} Defendant-appellant, Fernando J. Johnson ("Johnson"), brings this appeal from the May 14, 2024 judgment of the Allen County Common Pleas Court. On appeal, Johnson argues that there was insufficient evidence presented to convict him of Felonious Assault, that he received ineffective assistance of trial counsel, and that the trial court erred when it imposed a mandatory prison sentence upon Johnson. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On March 14, 2024, Johnson was indicted for Felonious Assault in violation of R.C. 2903.11(A)(1)/(D)(1)(a), a second degree felony. It was alleged that while Johnson was incarcerated in the Allen County Jail, Johnson had a physical altercation with a corrections officer that resulted in the corrections officer fracturing his right fibula and being knocked unconscious. Johnson pled not guilty to the charge and proceeded to a jury trial, wherein he was convicted of the Felonious Assault charge. He was then sentenced to serve an indefinite prison term of 5 to 7.5 years. A judgment entry memorializing his sentence was filed May 14, 2024. It is from this judgment that he appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**Mr. Johnson's due process rights were violated when the trial court entered, without sufficient evidence, a conviction for felonious assault.**

**Second Assignment of Error**

**Mr. Johnson's trial counsel rendered ineffective assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.**

**Third Assignment of Error**

**The trial court erred when it imposed a mandatory prison sentence upon Mr. Johnson.**

*First Assignment of Error*

{¶3} In his first assignment of error, Johnson argues that there was insufficient evidence presented to convict him of Felonious Assault.

Standard of Review

{¶4} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St. 3d 259 (1991), paragraph two of the syllabus. Consequently, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.).

### Controlling Authority

**{¶5}** Johnson was convicted of Felonious Assault in violation of R.C. 2903.11(A)(1), which reads "No person shall knowingly . . . [c]ause serious physical harm to another[.]"

**{¶6}** Johnson specifically argues that the evidence was insufficient to establish that he acted "knowingly." Revised Code 2901.22(B) defines "knowingly" as follows:

> (B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

### Evidence Presented

**{¶7}** On January 21, 2024, a nurse was making her "morning medication pass" at the Allen County Jail. The nurse goes to each "block" of the jail and passes

out medications to the inmates. The nurse is always accompanied by a corrections officer and on this occasion she was accompanied by Christian S.

{¶8} Christian testified that he would stand right at the door to the "block," holding the door open with his foot, then he would call the inmates to the door to get their medications so the inmates do not leave the cell block. Christian testified that during these times he liked to multi-task, so he would pass out single-blade razors to the inmates who requested them. Christian would note who had been given the razors then collect them, usually within twenty minutes.

{¶9} Christian testified that Johnson came to the nurse's cart and spoke to the nurse, stating he wanted his medication and a skin ointment for his face. He also requested, and was given, a razor. However, because Johnson had just come into the jail, his medications were not ready. Johnson was irritated and became argumentative with the nurse.

{¶10} Christian testified that he told Johnson to go back into the block, take the razor and shave and Christian would be back shortly. Johnson said, "I'll do what the fuck I want with the razor." (Tr. at 129). Johnson threw the razor at Christian and the razor hit Christian in the face.

{¶11} Christian stepped into the cell block to handcuff Johnson, but as Christian grabbed hold of him, Johnson punched Christian in the face. A struggle then ensued where they were "wrestling" for control.

**{¶12}** During the struggle, Christian was unable to get Johnson under control. When Christian tried to take Johnson to the floor, his leg twisted and his right tibula was fractured. As Christian fell, his head hit the corner of the wall of the shower and it knocked him unconscious. Other corrections officers rapidly responded.

**{¶13}** The incident was recorded and played for the jury.

Analysis

**{¶14}** Johnson concedes on appeal that Christian suffered serious physical harm during the altercation. However, he contends that the evidence was insufficient to establish that he acted "knowingly." He argues that Christian's injury did not occur when Johnson punched Christian in the face, but rather when Christian was trying to "throw" Johnson to the ground.

**{¶15}** The State counters by arguing the video established that Johnson kept fighting despite attempts to subdue him, including slamming Christian's head into the ground after he was already unconscious. The State argues that when reviewing the testimony and the video in the light most favorable to the State, a rational trier-of-fact could conclude beyond a reasonable doubt that Johnson acted knowingly.

**{¶16}** This case is similar to *State v. Johnson*, 2014-Ohio-4443, (4th Dist.), wherein an inmate was convicted of Felonious Assault against a corrections officer.

In finding that the defendant acted knowingly, the Fourth District Court of Appeals reasoned:

> [the defendant] could have reasonably foreseen that his unprovoked inmate attack on a prison guard would result in the guard he assaulted and other guards following prison protocol by attempting to restrain him by taking him down to the ground. [The victim's] injuries were consequently reasonably foreseeable to [the defendant] and they would not have occurred if [the defendant] had not started the altercation by punching [the victim].

*Johnson* at ¶ 20.

**{¶17}** We agree with the reasoning in *Johnson*. Moreover, in this case, Johnson threw a razor at Christian's face, tried to resist being subdued, punched Christian in the face, wrestled with Christian, then eventually slammed Christian's head into the concrete floor. Christian had multiple separate instances of harm that could have satisfied the "serious physical harm" requirement. He had a broken right fibula that required a plate and screws, he was knocked unconscious, and he had a concussion.

**{¶18}** After reviewing all of the evidence in the light most favorable to the State as we are directed, we do not find that there was insufficient evidence presented to convict Johnson of Felonious Assault. Therefore, his first assignment of error is overruled.

*Second Assignment of Error*

{¶19} In his second assignment of error, Johnson argues that he received ineffective assistance of trial counsel.

Standard of Review

{¶20} To establish ineffective assistance of counsel, the appellant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *State v. Tench*, 2018-Ohio-5205, ¶ 264. "Reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying this two-pronged test, and the failure to make either showing is fatal to the claim." *State v. Radabaugh*, 2024-Ohio-5640, ¶ 51 (3d Dist.), citing *State v. Conway*, 2006-Ohio-791, ¶ 165, 168.

Analysis

{¶21} Johnson argues that his counsel was ineffective for failing to request a jury instruction on the lesser included offense of assault. He argues that a reasonable juror could have concluded that Johnson was reckless in his act as opposed to knowing.

{¶22} Johnson is unable to establish either prong of ineffective assistance of counsel. An attorney's determination not to request an instruction on a lesser-

included offense "must be considered a matter of trial strategy and not error." *State v. Clayton*, 62 Ohio St.2d 45, 47 (1980). Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance of counsel. *State v. Rizer,* 2011-Ohio-5702, ¶ 37 (4th Dist.), quoting *In re Wingo,* 143 Ohio App.3d 652, 668 (4th Dist.2001), citing *State v. Carter,* 72 Ohio St.3d 545, 558, (1995).

> Often times, with respect to 'lesser-included offenses,' defense counsel will make the strategic decision not to request a lesser-included offense jury instruction in the hopes that the jury will outright acquit the defendant on the charged offense, having not been given the option to find guilt as to the lesser-included offense.

*State v. Blanton*, 2018-Ohio-1278, ¶ 128 (4th Dist.). Based on the applicable legal authority, we do not find any deficient performance by counsel.

**{¶23}** Furthermore, we find that even if trial counsel was somehow deficient, Johnson is unable to establish prejudice. The evidence established that he acted "knowingly." The jury was properly instructed and if the jury did not believe he acted "knowingly," he would have been acquitted of the charge. Thus we can find no prejudice here either. For both of these reasons, Johnson's second assignment of error is overruled.

*Third Assignment of Error*

**{¶24}** In his third assignment of error, Johnson argues that the trial court improperly imposed a "mandatory" prison term in its sentencing entry. The State

agreed with Johnson's argument, but noted that at the sentencing hearing, the trial court indicated the prison term was "non-mandatory" thus the error in the sentencing entry could be corrected via a nunc pro tunc entry.[1] The error was, in fact, later corrected by the trial court via a nunc pro tunc entry, and properly made a part of the record on appeal. As there is no longer an error with the trial court's entry, Johnson's assignment of error is overruled.

## *Conclusion*

{¶25} Having found no error prejudicial to Johnson in the particulars assigned and argued, his assignments of error are overruled and the judgment of the trial court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlm**

---

[1] A review of the record shows that at the sentencing hearing the trial court stated as follows:

> So therefore it is the order of this court as to count one, *and this is not a mandatory term*, the defendant is sentenced to a term of five years in prison minimum up to a maximum of seven and one-half years in prison[.]

(Emphasis added.) (Tr. at 227).

Case No. 1-24-38

# __JUDGMENT ENTRY__

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.   The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.


Juergen A. Waldick, Judge


William R. Zimmerman, Judge


Mark C. Miller, Judge

DATED:
/jlm

-11-